IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER LUCAS, on behalf of herself and similarly situated employees,<br>      Plaintiff,<br><br>    v.<br><br>HEARTFELT HOME HEALTHCARE, INC.,<br>      Defendant. | CIVIL ACTION 1:20-cv-29<br><br>FILED ELECTRONICALLY<br>ON JANUARY 31, 2020 |

## CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiff Heather Lucas ("Plaintiff"), on behalf of herself and similarly situated employees, brings this class/collective action lawsuit against Defendant Heartfelt Home Healthcare, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*  Plaintiff's FLSA claim is asserted as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action pursuant to Federal Rule of Civil Procedure 23.[1]

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over Plaintiff's PMWA claim is proper under 28 U.S.C. § 1367(a).

3. Venue in this Court is proper under 28 U.S.C. § 1391.

---

[1] The Third Circuit Court of Appeals has held that FLSA collective action claims and Rule 23 class action claims may proceed together in the same lawsuit. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

## PARTIES

4. Plaintiff is an individual residing in Erie, Pennsylvania (Erie County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a corporate entity doing business in this judicial district and headquartered in Erie, Pennsylvania (Erie County).

7. Defendant employs individuals, including Plaintiff, who are engaged in interstate commerce.

8. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

9. Defendant, according to its company website, "has been providing specialized health care to clients in Erie, Crawford, Mercer, and Venango Counties since 2002."

10. Defendant employs individuals who are paid on an hourly basis and provide homecare and/or healthcare services to Defendant's customers and hold positions such as, for example, Certified Nursing Assistant (or "CNAs"). These individuals will be referred to as "hourly employees."

11. Defendant takes an active role in controlling the work of its hourly employees. For example, Defendant set the rates of pay for its hourly employees, conducted yearly performance evaluations for its hourly employees, oversaw monthly training for continued certification of its hourly employees, held meetings with customer families and hourly employees every one to two months to measure customer progress on achieving individualized goals and evaluate hourly employees' performance, required hourly employees to submit daily progress notes on services performed for customers, and created and oversaw a timekeeping system for its hourly employees to record their hours worked.

12. Plaintiff was employed by Defendant as an hourly employee from approximately November 2013 until approximately November 2019.

13. As an hourly employee, Plaintiff was assigned by Defendant to one of its clients, and was paid an hourly wage of $12.00.

14. Plaintiff regularly worked over 40 hours in a week for Defendant

15. Defendant failed to pay overtime premium compensation to Plaintiff and other hourly employees when they worked over 40 hours in a week. As one of many examples, Plaintiff was credited with working 81 hours during the period ending September 8, 2019, but was only paid at her straight-time hourly rate of $12.00 for *all* work hours, including the 41 overtime hours.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings this lawsuit as a class and collective action on behalf of herself and all other individuals who, during any week since January 31, 2017, have been employed by Defendant, paid an hourly wage, and not paid overtime premium compensation for all hours worked over 40 in a week.

17. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common policies of Defendant described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law

18. This action is properly maintained as a class action under the PMWA pursuant to Federal Rule of Civil Procedure 23.

19. The class is so numerous that joinder of all individual members is impracticable.

20. Defendant's conduct with respect to Plaintiff and the class raises questions of law

and fact that are common to the entire class.

21.     Plaintiff's claims and Defendant's anticipated defenses are typical of the claims or defenses applicable to the entire class.

22.     Plaintiff's interests in pursuing this lawsuit are aligned with the interests of the entire class.

23.     Plaintiff will fairly and adequately protect class members' interests because she and her experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the entire class.

24.     A class action provides the fairest and most efficient method for adjudicating the legal claims of all class members.

25.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide pay policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to a common set of facts.

26.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

27.     All previous paragraphs are incorporated as though fully set forth herein.

28.     Defendant is an employer covered by the FLSA, and Plaintiff and collective members are employees entitled to the FLSA's protections.

29.     The FLSA requires that employees receive overtime premium compensation "not

less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1); *see also Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015).

30.  Defendants violated the FLSA by failing to pay Plaintiff and other FLSA collective members overtime premium for hours worked over 40 per week.

31.  In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

32.  All previous paragraphs are incorporated as though fully set forth herein.

33.  Defendant is an employer covered by the PMWA, and Plaintiff and the class members are employees entitled to the PMWA's protections.

34.  The PMWA requires Defendant to pay Plaintiff and other class members overtime premium compensation "not less than one and one-half times" the regular pay rate for all hours worked over 40 per week.  *See* 43 P.S. § 333.104(c); *see also Bayada Nurses, Inc. v. Commonwealth*, 8 A.2d 866 (Pa. 2010); *Grajales v. Safe Haven Quality Care, LLC*, 2013 Pa. Dist. & Cnty. Dec. LEXIS 128 (Dauphin Cty. Com. Pl. Sept. 5, 2013).

35.  Defendant violated the PMWA by failing to pay Plaintiff and other class members overtime premium compensation for all hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the class and collective, seek the following relief:

A.  Unpaid wages to the fullest extent permitted under the law;

B.  Liquidated damages to the fullest extent permitted under the law;

C.  Prejudgment interest to the fullest extent permitted under the law;

D.  Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

E.  Such other and further relief as this Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff demands a jury trial.

Date:  January 31, 2020

_____
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Phone:  (215) 884-2491
Fax: (215) 884-2492
Email: asantillo@winebrakelaw.com

*Attorneys for Plaintiff*